**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4888

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPHINE VIRGINIA GRAY, a/k/a Josephine
Mills, a/k/a Josephine Stribbling,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Deborah K. Chasanow, District Judge.
(8:01-cr-00566-DKC)

Submitted: September 18, 2007        Decided: November 5, 2007

Before TRAXLER and SHEDD, Circuit Judges, and Norman K. MOON,
United States District Judge for the Western District of Virginia,
sitting by designation.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant
Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER,
Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United
States Attorney, Sandra Wilkinson, James M. Trusty, Assistant
United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Josephine Gray appeals her 480-month sentence, imposed upon resentencing,[1] of her jury convictions on all counts of an eight-count indictment charging five counts of mail fraud in violation of 18 U.S.C. § 1341 (2000) and three counts of wire fraud in violation of 18 U.S.C. § 1343 (2000). On appeal, Gray asserts that the district court (1) erred in applying the cross-reference provision of the fraud guideline, U.S.S.G. § 2F1.1, to the first-degree murder guideline, U.S.S.G. § 2A1.1, rather than the second-degree murder guideline, U.S.S.G. § 2A1.2, because the counts of conviction set forth in the indictment did not establish premeditated, first-degree murder; (2) violated the Due Process Clause of the Fifth Amendment by finding her relevant conduct and advisory guideline range based on a preponderance of the evidence standard and (3) unreasonably varied from the advisory guideline range. We affirm.

After Booker, a district court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Nevertheless, a court still must initially calculate the appropriate guidelines range, making any appropriate factual findings. United States v. Davenport, 445

---

[1]In our earlier decision, we affirmed Gray's conviction for mail fraud and wire fraud, but vacated her sentence and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). United States v. Gray, 405 F.3d 227 (4th Cir. 2005).

F.3d 366, 370 (4th Cir. 2006). The court then considers the resulting advisory guidelines range in conjunction with the factors under 18 U.S.C. § 3553(a) (2000), and determines an appropriate sentence. Davenport, 445 F.3d at 370. This Court will affirm a post-Booker sentence if it is within the statutorily prescribed range and is reasonable. Hughes, 401 F.3d at 546-47. A sentence within the proper advisory Guidelines range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006), cert. denied, 126 U.S. 2309, (2006); see also Rita v. United States, --- U.S. ----, 127 S. Ct. 2456, 2462 (2007) ("[A] court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines.").

At the resentencing hearing, the district court applied the cross-reference provision of the fraud guideline, U.S.S.G. § 2F1.1,[2] to the first-degree murder guideline, U.S.S.G. § 2A1.1. Gray concedes that the cross-reference was appropriate, as the

---

[2]The parties disagreed with the Probation Office over whether the 2000 or 2002 Sentencing Guidelines should apply because of changes to the fraud guideline within the 2002 Guidelines. The district court determined that the 2002 fraud guideline, § 2B1.1, did not violate the Ex Post Facto Clause of the Fifth Amendment, but, in an abundance of caution, applied both the 2000 fraud guideline, § 2F1.1, and, alternatively, the 2002 fraud guideline, § 2B1.1, in reaching the same sentence. At resentencing, the district court applied only the 2000 fraud guideline, § 2F1.1, because the 2005 fraud guideline had been modified to impose a higher base offense level for second-degree murder, which, if applied, could have violated the ex post facto clause.

conduct set forth in the indictment is more accurately reflected in a guideline other than § 2F1.1, but asserts that the counts of conviction set forth in the indictment establish only an intentional killing, not a premeditated one. Thus, Gray argues that the district court should have cross-referenced to the second-degree murder guideline, U.S.S.G. § 2A1.2, not the first-degree guideline, U.S.S.G. § 2A1.1. First-degree murder, as defined by federal law, includes any killing that is either willful, deliberate, malicious, and premeditated or committed in the perpetration of an enumerated felony. 18 U.S.C. § 1111(a) (2000); see also U.S. v. Williams, 342 F.3d 350, 355 (4th Cir. 2003). The question then is whether the language of the indictment clearly articulates premeditated, first-degree murder. We find that it does.

The indictment charges Gray, in conjunction with her co-schemers, with knowingly and willfully devising a scheme to defraud the life insurance companies that insured her husband, William Gray, and intentionally causing the death of William Gray in furtherance of that scheme. (J.A. 22, Indictment ¶¶ 14, 15.) The indictment further charges Gray with devising a similar scheme to defraud the life insurance companies that insured her lover, Clarence Goode, and intentionally causing the death of Clarence Goode in furtherance of that scheme. (J.A. 22, Indictment ¶¶ 6, 7.) As a result, the indictment clearly depicts conduct of

4

premeditation and deliberation by the defendant. Therefore, we find that the district court's cross-reference to U.S.S.G. § 2A1.1 was appropriate because the counts of conviction within the indictment clearly set forth premeditated murder.

Gray also argues that the district court violated the Due Process Clause by adopting factual findings based on a preponderance of the evidence standard. Contrary to Gray's argument, a district court, even after Booker, may properly make factual findings concerning sentencing factors by a preponderance of the evidence. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

Finally, Gray argues the district court unreasonably varied from the advisory guidelines range when it imposed a 40-year term of imprisonment rather than the advisory guideline range of 135-168 months. At resentencing, the district court imposed a 40-year term of imprisonment by an upward variance as an alternative ruling in the event that it had incorrectly applied the cross-reference to first-degree murder. Because we previously concluded that the district court properly applied the cross-reference to the first-degree murder guideline, we need not address whether the district court's upward variance was unreasonable.

Accordingly, we affirm Gray's sentence. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
